IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID PHELPS and MAX LUGAUER          08-CV-387-HU
III, Individually and On
Behalf of All Others Similarly         ORDER
Situated,

        Plaintiffs,

v.

3PD, INC., a Georgia
corporation,

        Defendant.


**STEVE D. LARSON**
**DAVID F. REES**
Stoll Stoll Berne Lokting & Shlachter, P.C.
209 S.W. Oak Street, Fifth Floor
Portland, OR 97204
(503) 227-1600

**ROBERT C. SCHUBERT**
**MIRANDA P. KOLBE**
Schubert & Reed LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

        Attorneys for Plaintiffs

1- ORDER

**JOHN A. ANDERSON**
Anderson & Yamada, P.C.
1515 S.W. Fifth Avenue, Suite 1020
Portland, OR 97201
(503) 227-4586

**JAMES H. HANSON**
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
10 West Market Street, Suite 1500
Indianapolis, IN 46204
(317) 637-1777

**ADAM C. SMEDSTAD**
Scopelitis, Garvin, Light, Hanson & Feary, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603-2427
(312) 255-7200

      Attorneys for Defendant

**BROWN, Judge.**

  Magistrate Judge Dennis James Hubel issued Findings and Recommendation (#38) on August 27, 2008, in which he recommended the Court grant Plaintiffs' Motion (#28) to Dismiss Defendant's Counterclaim for indemnity.  Defendant timely filed Objections to the Magistrate Judge's Findings and Recommendation.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

  When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reina-Tania*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); United

2- ORDER

*States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

This Court has carefully considered the Objections of Defendant and the Response of Plaintiffs. The Court also has reviewed the pertinent portions of the record *de novo*. For the following reasons, the Court concludes Defendant's Objections do not provide a basis to modify the Findings and Recommendation, and the Court does not find any error in the Magistrate Judge's Findings and Recommendation.

## **DISCUSSION**

In this class action, Plaintiffs David Phelps and Max Lugauer III bring wage and other claims against Defendant 3PD, Inc., alleging Defendant purposefully misclassified Plaintiffs and others similarly situated who provide home-delivery services for Defendant as "independent contractors" when, according to Plaintiffs, they are Defendant's employees.

In its Answer to Plaintiffs' Complaint, Defendant brings a Counterclaim in which it alleges Plaintiff Phelps is contractually bound by the Independent Contractor Operating Agreement (ICOA) to indemnify Defendant for all claims brought by Plaintiffs.

The Magistrate Judge concluded in his Findings and Recommendation that Defendant's Counterclaim did not state a claim for indemnity. The Magistrate found:

3- ORDER

> The contract provisions are not alleged with
> sufficient specificity to allow me to determine
> that the contract supports the indemnity claim.
>
> * * *
>
> Because, on the present record, I cannot construe
> the alleged contractual indemnity provisions as
> stating a claim for indemnity for the acts alleged
> in the underlying litigation, I recommend that the
> counterclaim be dismissed.

Findings and Recommendation at 7.  The Magistrate Judge also specifically noted Defendant did not provide a copy of the ICOA as part of its Counterclaim nor did Plaintiffs provide a copy of the ICOA with their Motion to Dismiss.  Having a copy of the ICOA would have enabled the Magistrate Judge to construe the indemnity provisions in context.  Defendant, nevertheless, asserts in its Objections to the Findings and Recommendation that it was not required to provide a copy of the contract to the Court and that the Counterclaim is sufficient as a matter of law to survive a motion to dismiss.  Even though Defendant correctly asserts it was not required to attach a copy of the ICOA to its Counterclaim, Defendant attached a copy to its Objections for this Court's review.

    Defendant cites §§ 3(f)(4) and 4(e) of the ICOA as the basis for its Counterclaim for indemnity.  Those provisions provide in part:

> Indemnify and hold 3P DELIVERY harmless from
> and against any liability and claims by
> others or by any governmental authorities
> arising from or relating to CONTRACTOR's

4- ORDER

>       relationship with CONTRACTOR's employees or
>       substitutes whether under industrial accident
>       prevention laws, workers' compensations laws
>       or any other federal, state, or municipal
>       laws applicable to the relationship between
>       employers and employees.
>
>                       * * *
>
>       CONTRACTOR shall fully indemnify 3P DELIVERY
>       from all costs, expenses and damages 3P
>       DELIVERY or its insurer incurs from the
>       following:
>
>           (1)  CONTRACTOR's acts or omissions
>           resulting from or arising out of
>           such CONTRACTOR's operation of the
>           Equipment; * * *

In the ICOA, the "CONTRACTOR" is identified as David Phelps, dba Dave Phelps Trucking LCC.  "Equipment" is defined as "the equipment set forth in the Receipt of equipment" and appears to be motor vehicles and trailers as described in the ICOA.

As noted, the claims asserted by Plaintiffs are based on Defendant's allegedly improper classification of Plaintiffs as independent contractors rather than employees.  Such allegedly improper classification does not "aris[e] from or relat[e] to [Plaintiffs'] relationship with [Plaintiffs'] employees," ICOA § 3(f)(4), or from Plaintiffs' "omissions resulting from or arising out of . . . [the] operation of the equipment."  ICOA § 4(e)).  Moreover, the misconduct of Defendant as alleged by Plaintiffs was based solely on the action of the Defendant, and, therefore, Defendant may not seek indemnity.  *See Waterway*

5- ORDER

*Terminals v. P.S. Lord*, 242 Or. 1 (1965). Thus, after reviewing the ICOA in its entirety and reviewing the record *de novo*, this Court concludes the provisions of the ICOA do not, under these circumstances, support a claim for indemnity either explicitly or based on a broad reading of those provisions.

In summary, the Court concludes Defendant's Objections do not provide a basis to modify the Findings and Recommendation, and the Court does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Hubel's Findings and Recommendation (#38) and, accordingly, **DISMISSES** Defendant's Counterclaim for indemnity.

IT IS SO ORDERED.

DATED this 12th day of November, 2008.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

6- ORDER