IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| DAVID PHELPS and MAX LUGAUER III, Individually and On Behalf of All Others Similarly Situated, | No. CV-08-387-HU |
| Plaintiffs, | |
| vs. | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT, AND AWARDING ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS** |
| 3PD, INC., | |
| Defendant. | |

Mark A. Friel
Steve D. Larson
David F. Rees
Jennifer S. Wagner
STOLL STOLL BERNE LOKTING & SCHLACHTER P.C.
209 SW Oak Street, Fifth Floor
Portland, OR 97204

Miranda P. Kolbe
Robert C. Schubert
SCHUBERT & REED LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111

    Attorneys for Plaintiffs

John A. Anderson
ANDERSON & YAMADA, P.C.
1515 SW Fifth Avenue, Suite 1020
Portland, OR 97201

Robert L. Browning
James Harold Hanson
Craig J. Helmreich
David D. Robinson
Adam Smedstad
R. Jay Taylor, Jr.
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, suite 1500
Indianapolis, IN 46204

    Attorneys for Defendant

1 - Final Order Approving Class Action Settlement

HUBEL, Magistrate Judge:

The plaintiffs in this case are former delivery drivers for the defendant who were classified as independent contractors during their tenure. The plaintiffs bring this action on behalf of themselves and other similarly-situated delivery drivers who provided home delivery services for the defendant in the State of Oregon during the time period from March 26, 2002, through the present. They assert claims under Oregon Revised Statutes sections 652.610 (illegal deductions from ongoing wages) and 652.140 (failure to pay wages due upon termination), as well as for unjust enrichment/restitution, rescission, injunctive and declaratory relief, and fraud.

On September 30, 2009, the court granted the plaintiffs' motion to certify the following class:

> All individuals who (1) entered into a contract with [the defendant] to perform home delivery services either on his or her own behalf or on behalf of an entity, and (2) performed such home delivery services for [the defendant] in the state of Oregon during the period March 26, 2002 through the present.

Dkt. #102; *see also* Dkt. #111, clarifying the certification order.

Timely class notices were disseminated by First Class Mail to the class members, with the final deadline for exclusions set as May 4, 2010. Four individuals excluded themselves from the class.

The parties conducted significant investigation of the facts and law during the prosecution of this case including, *inter alia*, the exchange and analysis of information pursuant to formal and informal discovery requests, meetings and conferences, interviews of potential witnesses, and depositions. The parties' counsel further investigated the applicable law as applied to the facts

2 - Final Order Approving Class Action Settlement

discovered regarding the plaintiffs' claims, possible defenses thereto, and the damages claimed by the plaintiffs. The parties participated in a mediation on January 20, 2010, and after further negotiations subsequent to the mediation, they ultimately reached agreement on terms of settlement, as memorialized in a Stipulation and Settlement Agreement of Class Action Claims, Dkt. #151 (the "Settlement Agreement").

The plaintiffs recognize the expense and length of continued proceedings that would be necessary to continue this litigation through trial and any possible appeals. They also have taken into account the uncertainty and risk of the outcome of further litigation, and the difficulties and delays inherent in such litigation. The plaintiffs also are aware of the burdens of proof necessary to establish liability for the claims they have asserted in the case, the defendant's defenses thereto, and the difficulties in establishing damages for themselves and the certified class. Based on these factors, as well as the settlement negotiations conducted by the parties, the plaintiffs have determined that the settlement is fair, adequate, and reasonable, and is in the best interests of all class members.

The plaintiffs have claimed, and continue to maintain, that their claims in this case have merit and give rise to liability on the part of the defendant. Neither the Settlement Agreement, nor any documents referred to therein, nor any action taken to carry out the Settlement Agreement, is, or may be construed to be, or may be used as an admission by or against the plaintiffs or class counsel as to the merits or lack thereof of the claims asserted in the case.

The defendant contends that all of the class members were properly categorized as independent contractors, they have been compensated in compliance with the law, and the defendant's conduct was not willful or improper with respect to any alleged failure to pay any compensation to the plaintiffs (including, but not limited to, final compensation, overtime, or otherwise). The defendant has denied and continues to deny each of the plaintiffs' claims and contentions in the case. The defendant denies any wrongdoing or legal liability arising out of any of the facts or conduct alleged in this case, and believes it has valid defenses to the claims asserted in the case. Neither the Settlement Agreement, nor any document referred to or contemplated therein, nor any action taken to carry out the Settlement agreement, is, or may be construed to be, or may be used as an admission, concession, or indication by or against the defendant of any fault, wrongdoing, or liability whatsoever.

Based on the court's review and consideration of documents filed by the parties and oral presentations made by counsel, the court entered, on October 27, 2010, an Order Preliminarily Approving Class Action Settlement and Approving Form and Method of Class Notice (the "Preliminary Approval Order"), Dkt. #163, which granted preliminary approval to the Settlement Agreement. The Preliminary Approval Order also approved the form of Notice and the Notice plan. In compliance with the Preliminary Approval Order, timely Notice of the proposed settlement was sent to all class members via First Class Mail. A deadline of March 18, 2011, was set for the filing of objections to the proposed settlement (i.e.,

4 - Final Order Approving Class Action Settlement

45 days after the mailing of the last of the Notices to class members). No objections have been filed.

This matter is now before the court on the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Expenses and Incentive Awards. Dkt. #168. The motion is supported by a Memorandum of Points and Authorities, Dkt. #169, and three supporting Declarations, Dkt. ##170, 171, and 172; a Stipulation and Settlement Agreement of Class Action Claims, Dkt. #151, with a corrected Exhibit 3 to the Stipulation and Settlement Agreement, Dkt. #153; Plaintiffs' Supplemental Brief Regarding Incentive Awards to the Class Representatives, Dkt. #157, and two supporting Declarations, Dkt. ##158 and 159; the court's Order Preliminarily Approving Class Action Settlement and Approving Form and Method of Class Notice, Dkt. #163; a Supplemental Memorandum, Dkt. #174; and a Supplemental Declaration of Max Lugauer III, Dkt. #178. The plaintiffs also have submitted for the court's consideration a proposed Order Granting Final Approval of Class Action Settlement, and Awarding Attorneys' Fees and Expenses and Incentive Awards, Dkt. #173.

The court has considered the motion and all supporting documents submitted by the plaintiffs; counsels' oral presentations at a hearing held on May 10, 2011; and counsel's proposed language for this final order. Based on the foregoing, IT IS HEREBY ORDERED as follows:

### *Jurisdiction*

This court has jurisdiction over the claims of the class members asserted in this proceeding and over all parties to the

5 - Final Order Approving Class Action Settlement

action. Jurisdiction is predicated upon 28 U.S.C. § 1332, in that this is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000 and the class members' claims collectively exceed the sum of $5,000,000, exclusive of interest and costs. Venue is proper in the District of Oregon.

### *Compliance with Federal Rules of Civil Procedure*

From consideration of all of the briefing, declarations, and argument in this case, including without limitation those related to the court's entry of the Preliminary Approval Order, the court finds that the applicable requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the class and the proposed settlement.

### *Notice to Class Members*

The Notice given to the class members fully and accurately informed them of all material elements of the proposed Settlement Agreement, and of their opportunity to object thereto; was the best Notice practicable under the circumstances; was valid, due, and sufficient notice to all class members; and complied fully with the laws of the State of Oregon, the Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law. A full opportunity has been afforded to the class members to participate in the hearing on the plaintiffs' motion for final approval of the settlement, and no class members appeared for the hearing. Accordingly, the court finds and determines that all class members who did not submit a Request for Exclusion to Rust

6 - Final Order Approving Class Action Settlement

Consulting, Inc. prior to May 4, 2010, are bound by this Final Order.  In addition, a full opportunity has been afforded to all class members to object to the terms of the Settlement Agreement. Following Notice, no class members lodged objections.

### *Final Approval of Settlement Agreement*

The court has reviewed the Settlement Agreement and finds that the Settlement Agreement was the product of intensive, serious, informed, non-collusive, arm's-length negotiations; has no obvious deficiencies; and does not grant improper preferential treatment to any individuals.  The settlement is fair, reasonable, and adequate, and the plaintiffs have satisfied the standards for final approval of a class action settlement under federal law.  In addition, the settlement is fair, adequate, and reasonable when balanced against the possible outcome of further litigation relating to the alleged misclassification of the class members, liability, and damages. Extensive investigation, discovery, and research have been conducted such that counsel for all parties have been able to evaluate their respective positions reasonably.

Pursuant to Federal Rule of Civil Procedure 23(e), the court hereby grants final approval to the Settlement Agreement and finds it to be fair, reasonable, adequate, and in the best interests of the class.  Accordingly, the court hereby directs that the settlement be effected in accordance with the Settlement Agreement and the terms and conditions set forth below.

7 - Final Order Approving Class Action Settlement

***Release of All Claims***

With this final approval of the proposed Settlement Agreement, it is hereby ordered that any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, which the class members (except the four individuals who excluded themselves from the class) may now have against the Released Parties, as defined in the Settlement Agreement, arising out of or in any way connected with the plaintiffs' provision or performance of services in the State of Oregon for the defendant prior to the date of the Settlement Agreement, and including without limitation (a) any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the defendant improperly classified the class members as independent contractors; (b) any and all claims for Oregon wage and hour law violations, illegal deductions from wages, unjust enrichment/quantum meruit, employee benefits, rescission and restitution, fraud, misrepresentation, injunctive relief, or penalties; and (c) any and all claims for violation of the Fair Labor Standards Act, as amended; the Employee Retirement Income Security Act, as amended; and any and all federal, state, and local statutes, ordinances, regulations, rules, and other laws, and any and all claims based on constitutional, statutory, common law, or regulatory grounds, as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, promissory estoppel, or damages under any other

8 - Final Order Approving Class Action Settlement

federal, state, or local statutes, ordinances, regulations, rules, or laws, are hereby released. This release is for any and all relief, no matter how denominated, including without limitation back pay, front pay, employee benefits, restitution, vacation pay, bonuses, compensatory damages, tort damages, punitive damages, interest, penalties, attorney fees, and costs.

### *Incentive Awards*

"Incentive awards are fairly typical in class action cases." *Rodriguez v. West Pub. Corp.*, 563 F.3d 948, 958 (9th Cir. 2009) (citations omitted). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.*, 563 F.3d at 958-59.

The Ninth Circuit has expressed some concern about incentive awards, particularly those that are excessive in comparison to the recovery by individual class members. *See id.* (citing *Staton v. Boeing Co.*, 327 F.3d 938, 977-78 (9th Cir. 2003)). The court observed that individuals might be motivated to bring class actions, rather than individual actions, "principally to increase their own leverage to attain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations.'" *Id.*

In the present case, class counsel note that the class representatives participated actively throughout the litigation, and were instrumental in assisting counsel in understanding the

9 - Final Order Approving Class Action Settlement

underlying factual details, and in producing documents. Plaintiff Phelps expended over 100 hours in furthering the litigation, while plaintiff Lugauer expended over 60 hours. In addition, plaintiff Lugauer lost approximately one month of employment due to necessary travel related to the taking of his deposition. The plaintiffs also faced some personal risk in acting as class representatives in the form of potential retaliation by a prospective employer who might see them as a risk to hire, and in the form of potential liability for expenses advanced by class counsel. *See Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *3 (D. Or. Nov. 13, 2006)(Brown, J.)(citing *Or. R. of Prof'l Conduct* DR 5-103(B)).

The court finds that payment of an incentive award to the named plaintiffs is warranted in light of the benefits they provided to the class and class counsel. The court further finds that an incentive award of $15,000 to each named plaintiff would be excessive. The court orders payment of an incentive award in the amount of $10,000 to plaintiff Phelps, and an incentive award in the amount of $7,500 to plaintiff Lugauer, such payments to be made from the common fund.

### ***Award of Attorneys' Fees and Costs***

Attorneys' fees in this case will be payable from the common fund created upon payment of the settlement proceeds. In common-fund cases, "[t]he district court may exercise its discretion to choose between the lodestar and percentage method in calculating fees." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010); *see Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

10 - Final Order Approving Class Action Settlement

1029 (9th Cir. 1998) (same) (citing *In re Washington Public Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 (9th Cir. 1994)). In the Ninth Circuit, "a benchmark award for attorney fees" is "25% of the common fund." *Hanlon*, 150 F.3d at 1029 (citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). However, the district court may adjust the benchmark upward or downward in appropriate circumstances. *See Razilov*, 2006 WL 3312024, at *1 (citing *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995)). For example, courts generally agree that "the percentage of recovery fee should 'decrease as the size of the fund increases.'" *In re SmithKline Beckman Corp. Sec. Litig.*, 751 F. Suppl 525, 533 (E.D. Pa. 1990) (citations omitted).

The court in *In re Mercury Interactive Corp. Securities Litigation* provided guidance on the district court's role in reviewing an application for attorneys' fees in a class action case:

> Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." [*Class Plaintiffs v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1302 (9th Cir. 1994).] As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *Id.*

*In re Mercury*, 618 F.3d at 994.

In *Razilov*, Judge Brown found an upward adjustment of 5% from the Ninth Circuit's 25% benchmark figure was warranted based on consideration of a number of factors, providing a well-reasoned

11 - Final Order Approving Class Action Settlement

approach to motions for attorneys' fees in these types of cases. Accordingly, I will consider the same factors here.

***a.   Settlement achieved***

From the common fund, each class member will receive, on average, approximately $9,200.  *See* Dkt. #174, p. 3.  The court finds this amount to be fundamentally fair and a good result for the class members.

***b.   Risks of litigation/Contingent nature of the fee***

There are risks in any litigation, whether counsel represent an individual plaintiff or a class of plaintiffs.  The risky nature of this particular litigation is underscored by recent defense verdicts in similar cases.  *See* Dkt. #169, p. 12 (citing *Ruiz v. Affinity Logistics Corp.*, 697 F. Supp. 2d 1199 (S.D. Cal. 2010); and *In re FedEx Ground Package Sys., Inc.*, 734 F. Supp. 2d 557 (N.D. Ind. 2010)).  However, counsel obviously believed the chances of recovery were good enough for them to accept representation of the plaintiffs on a contingency-fee basis.

***c.   Skill required and quality of work***

Counsel on both sides of this case did an excellent job of representing their clients, demonstrating high levels of skill and professionalism throughout.

12 - Final Order Approving Class Action Settlement

***d.   Novelty and difficulty of the questions presented***

Although the legal issues in this case were not particularly difficult, gathering the facts and 'crunching the numbers' was laborious and time-intensive.

***e.   Financial burden on class counsel***

The plaintiffs' counsel have not been paid during the course of this litigation. They represent that as of February 11, 2011, they had expended "over 3,625 hours" to prosecute the case. Dkt. #169, p. 19. They accepted the case on a contingent basis, and in that respect shared the plaintiffs' risk of non-recovery.

***f.   Reaction of the class members***

No class member has filed an objection to the proposed settlement or the requested amount of attorneys' fees. No class member appeared at the hearing on the current motion for final approval of the settlement and award of attorney's fees, costs, and incentive awards.

***g.   Customary fee***

As noted above, the Ninth Circuit has established a 25% benchmark for attorneys' fees in class actions, with appropriate departures for "'unusual circumstances.'" *Razilov*, 2006 WL 3312024, at *3 (quoting *Paul, Johnson, Alston, & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989)). In cases that are not class actions, it is common for contingency-fee agreements to specify an average fee of one-third of the recovery. Here, class counsel are

13 - Final Order Approving Class Action Settlement

requesting a fee that represents 35% of the settlement proceeds. Class counsel also seek reimbursement of expenses of $68,964.38.

The court finds the requested expenses to be appropriate under the circumstances of this case. The court further finds that an upward adjustment from the Ninth Circuit's 25% benchmark to a fee equal to 30% of the common fund is appropriate due to the result achieved, the work expended, the quality of the lawyers' performance, and the lack of any objections by the class members. Therefore, the court grants the plaintiffs' motion for an award of attorneys' fees and expenses in part, and awards class counsel attorneys' fees in the amount of $375,000, and expenses in the amount of $68,964.38, for all past and remaining work until the completion of this matter. Such awards are fair and reasonable under the circumstances.

The court further orders that the fees of Rust Consulting, Inc. for administering the settlement be deducted from the common fund prior to distributions to the class members.

### *Scheduling Order*

The Court orders the following schedule of dates for further proceedings:

| | |
|---|---|
| Payment of Settlement Fund to Settlement Administrator | Within 5 days of the later of the following: (1) thirty-three days after service of Notice of entry of this order on the parties to the action and all objectors to the Settlement Agreement, if any, without any appeals being taken; or (2) if appeals or requests for review have been taken, the date upon which any orders affirming the |

14 - Final Order Approving Class Action Settlement

| | Settlement Order or denying review after exhaustion of all appellate remedies have been entered (the "Effective Date"), Defendant will pay the entire $1,125,000.00 Settlement Fund to the Settlement Administrator. |
|---|---|
| Payment of Attorneys' Fees and Expenses to Plaintiffs' Counsel, and Expenses to Settlement Administrator | Within 8 business days of the Effective Date. |
| Payment of Incentive Awards to Named Plaintiffs | Within 8 business days of the Effective Date. |
| Distribution of the remaining Settlement Funds to the Authorized Claimants | Within 30 calendar days of the Effective Date. |
| Distribution of any *cy pres* award | Within 210 calendar days of the Effective D |
| Class Counsel files certification of completion of administration of Settlement Agreement | Within 240 days of Effective Date. |

Following payment in full of all amounts awarded in this Final Order, and class counsels' filing of their certification of completion of administration of Settlement Agreement, the court will enter an order closing the case.

### *Continuing Jurisdiction*

Without affecting the finality of this Final Order, the court reserves continuing and exclusive jurisdiction over the parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties. Under Federal Rule of Civil Procedure 54, there being no just reason for delay, the court, in the interests of justice, expressly directs the Clerk of Court to

15 - Final Order Approving Class Action Settlement

enter this Final Order, and hereby decrees that, upon entry, it be deemed final.

IT IS SO ORDERED.

Dated this 22nd day of June, 2011.

   /s/ Dennis James Hubel
Dennis James Hubel
Unites States Magistrate Judge

16 - Final Order Approving Class Action Settlement